UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn on May 7, 2019

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 12-116 (BAH) |
| | ) | |
| | ) | |
| v. | ) | 21 U.S.C. §§ 959, 960, 963 |
| | ) | (Conspiracy to Manufacture and |
| | ) | Distribute Five Hundred Grams |
| FAUSTO ISIDRO MEZA FLORES, | ) | or More of Methamphetamine, |
| also known as "Chapo Isidro" | ) | Distribute Five Kilograms or |
| and "Chapito Isidro," | ) | More of Cocaine, Distribute One |
| | ) | Kilogram or More of Heroin, and |
| | ) | Distribute One Thousand |
| Defendant. | ) | Kilograms or More of Marijuana |
| | ) | for Importation into the |
| | ) | United States) |
| | ) | |
| | ) | 18 U.S.C. §§ 924(c)(1)(A)(i), |
| | ) | 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), |
| | ) | 924(c)(1)(B)(ii) |
| | ) | (Use and Possession of a Firearm) |
| | ) | |
| | ) | 21 U.S.C. § 853 |
| | ) | 21 U.S.C. § 970 |
| | ) | (Criminal Forfeiture) |

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### COUNT ONE

From in or about January 2005, and continuing thereafter, up to and including the date of the Indictment, in the countries of Mexico, the United States, and elsewhere, the defendant, **FAUSTO ISIDRO MEZA FLORES, also known as "Chapo Isidro" and "Chapito Isidro,"** with others both known and unknown to the Grand Jury, did knowingly and intentionally

conspire to commit offenses against the United States, to wit: (1) to knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; (2) to knowingly and intentionally distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; (3) to knowingly and intentionally distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance; and (4) to knowing and intentionally distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, knowing and intending that said controlled substances would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Section 959; all in violation of Title 21, United States Code, Section 963.

With respect to the defendant, the controlled substances involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 1) 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, 2) five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, 3) one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, and 4) 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(1)(G)and 960(b)(1)(H).

(International Methamphetamine, Cocaine, Heroin, and Marijuana Conspiracy, in violation of Title 21, United States Code, Sections 959(a) and 963.)

## COUNT TWO

From in or about March 2009, and continuing thereafter, up to and including the date of the Indictment, the defendant **FAUSTO ISIDRO MEZA FLORES, also known as "Chapo Isidro" and "Chapito Isidro,"** did knowingly and intentionally use, and carry one or more firearms, during and in relation to one or more drug trafficking crimes, to wit: the crime charged in Count One, and did knowingly and intentionally possess such firearms, in furtherance of said drug trafficking crimes, one or more of which firearms was brandished, one or more of which firearms was a machinegun, and one or more of which firearms was a destructive device, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), and 924(c)(1)(B)(ii).

(Use and Possession of a Firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), and 924(c)(1)(B)(ii).)

## CRIMINAL FORFEITURE ALLEGATION

The United States hereby gives notice to the defendant that upon conviction of the Title 21 offense alleged in Count One of this indictment the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the alleged Title 21 violation, and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense.

Said property includes, but is not limited to:

A sum of money equal to all proceeds the defendant obtained directly or indirectly as a result of the Title 21 offense charged in this indictment, and all property used or intended to be used to facilitate such offenses, that is, not less than a sum of money representing the amount of

funds involved in the offense, and all interest and proceeds traceable thereto; in that such sum, in aggregate, was received by the defendants in exchange for the distribution of controlled substances or is traceable thereto. If any of the above-described forfeitable property, as a result of any act or omission of the defendant –

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third person;

      (c)    has been placed beyond the jurisdiction of the Court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be subdivided without difficulty;

/

/

/

/

/

/

/

/

/

/

/

/

/

it is the intent of the United States, pursuant to 21, U.S.C. § 853(p) to seek forfeiture of any other property of the said defendant up to the value of the above forfeitable property.

    (Criminal Forfeiture, in violation of Title 21, Untied States Code, Sections 853 and 970)

    A True Bill.

_____
Foreperson

_____
Arthur G. Wyatt
Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530

By: _____
Jason Ruiz
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530