# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**
**Grand Jury Sworn in on July 1, 2026**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CRIMINAL NO. 1:12-cr-116 (BAH)** |
| | ) | |
| | ) | **21 U.S.C. §§ 848(a), 848(b), 848(c), and 848(e)(1)(A) (Continuing Criminal Enterprise)** |
| **v.** | ) | |
| | ) | **21 U.S.C. §§ 959(a), 960(a)(3), (b)(1)(A), (b)(1)(B)(ii), (b)(1)(F), (b)(1)(G), (b)(1)(H), and 963 (Conspiracy to Manufacture and Distribute Five Kilograms or More of Cocaine, 500 Grams or More of Methamphetamine, One Kilogram or More of Heroin, 1,000 Kilograms or More of Marijuana, and 400 Grams or More of Fentanyl for Importation into the United States)** |
| **FAUSTO ISIDRO MEZA FLORES, also known as "Chapo Isidro," "Chapito Isidro," "Party," "Daniel," "Dany,"** | ) | |
| **Defendant.** | ) | |
| | ) | **18 U.S.C. §§ 1956(a)(2)(A) and 1956(h) (International Money Laundering Conspiracy)** |
| | ) | |
| | ) | **18 U.S.C. § 2339B (Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization)** |
| | ) | |
| | ) | **21 U.S.C. § 960a (Narcoterrorism)** |
| | ) | |
| | ) | **18 U.S.C. § 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), and 924(c)(1)(B)(ii) (Use, Carry, Brandish, Discharge, and Possession of a Firearm, Including a Machinegun and a Destructive Device)** |
| | ) | |
| | ) | **18 U.S.C. § 2** |

) (Aiding and Abetting)
)
) 21 U.S.C. §§ 853 and 970
) 18 U.S.C. §§ 981 and 982
) 18 U.S.C. § 2461(c)
) 18 U.S.C. § 924(d)
) (Criminal Forfeiture)

## SECOND SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES THAT:**

## INTRODUCTION

At all times relevant to this Second Superseding Indictment, unless otherwise indicated:

1. Prior to 2008, Arturo Beltran Leyva and his brothers Alfredo Beltran Leyva and Hector Beltran Leyva directed a cocaine, methamphetamine, marijuana, and heroin drug trafficking organization based in the Mexican state of Sinaloa, which was commonly known as the "Beltran Leyva Organization" ("BLO").

2. The BLO was a powerful faction of the Sinaloa Cartel that transported drugs from source countries in South and Central America to Mexico and on to the United States. The BLO distributed those drugs to wholesalers operating in the United States and collected, laundered, and transferred the proceeds generated from those sales back to Mexico.

3. After the arrest of Alfredo Beltran Leyva in 2008, the BLO engaged in violent conflict with another faction of the Sinaloa Cartel led by Joaquin Guzman Loera ("El Chapo"). At that time, **FAUSTO ISIDRO MEZA FLORES** and Oscar Manual Gastelum Iribe ("Gastelum Iribe") worked closely together as high-level lieutenants in the BLO charged with coordinating the organization's drug trafficking activities.

4. By 2009, **FAUSTO ISIDRO MEZA FLORES** and Gastelum Iribe were working together as partners and rising to leadership roles within the BLO. With the death of Arturo Beltran

Leyva in December of that year, **FAUSTO ISIDRO MEZA FLORES** and Gastelum Iribe eventually replaced Arturo and Alfredo Beltran Leyva as leaders of the BLO. In those roles, **FAUSTO ISIDRO MEZA FLORES** and Gastelum Iribe each negotiated the price for, and caused to be obtained, large quantities of cocaine from Central and South American countries to be transported to Mexico, and caused multi-kilogram quantities of cocaine, heroin, methamphetamine, fentanyl, and marijuana to be transported from Mexico to the United States border, and then into and throughout the United States. **FAUSTO ISIDRO MEZA FLORES** and Gastelum Iribe each further caused drug proceeds to be laundered and transferred from the United States to Mexico and elsewhere.

5. **FAUSTO ISIDRO MEZA FLORES** and Gastelum Iribe controlled the coastal areas in the Mexican states of Chiapas, Guerrero, and Oaxaca where they received multi-kilogram loads of cocaine delivered by vessels for further transportation to the United States.

6. **FAUSTO ISIDRO MEZA FLORES** and Gastelum Iribe controlled, through the command of a large contingent of gunmen, the remote mountain areas of Sinaloa used to cultivate, grow, and/or manufacture illicit controlled substances, including marijuana, heroin, and methamphetamine.

7. **FAUSTO ISIDRO MEZA FLORES** and Gastelum Iribe also controlled, through the command of those gunmen, territory around the Guasave and Los Mochis areas of Mexico, where they facilitated the transportation of multi-kilogram loads of their illicit controlled substances to the United States.

8. **FAUSTO ISIDRO MEZA FLORES** and Gastelum Iribe caused tonnage quantities of cocaine and other drugs and drug precursor chemicals to be imported from Central and South American countries, including Colombia, Ecuador, Bolivia, Belize, Costa Rica,

Honduras, and Guatemala, and from elsewhere, to Mexico—using various means, including cargo aircraft, private aircraft, submarines and other submersible and semi-submersible vessels, container ships, supply vessels, go-fast boats, fishing vessels, buses, rail cars, tractor trailers, automobiles, and private and commercial interstate and foreign carriers—where the drugs and drug precursor chemicals were stored until transported to the United States.

9. **FAUSTO ISIDRO MEZA FLORES** and Gastelum Iribe controlled stash houses throughout Mexico including in the areas of Sinaloa, Mexico City, Chiapas, Guerrero, Oaxaca, Tijuana, Sonora, and elsewhere.

10. **FAUSTO ISIDRO MEZA FLORES** and Gastelum Iribe caused the drugs to be smuggled across the United States-Mexico border using multiple means, including through the use of vehicles with hidden compartments, tractor trailers, commercial trains, buses, and tunnels.

11. **FAUSTO ISIDRO MEZA FLORES** and Gastelum Iribe caused the smuggled drugs to be unloaded and stored in stash houses in various states across the United States.

12. **FAUSTO ISIDRO MEZA FLORES** and Gastelum Iribe caused the smuggled drugs to be distributed across the United States to members of the organization and wholesalers on consignment.

13. **FAUSTO ISIDRO MEZA FLORES** and Gastelum Iribe caused the proceeds from the sale of the smuggled drugs to be collected from customers, counted, packaged, transferred, and laundered from the United States to Mexico, Colombia, and elsewhere using multiple means, including bulk cash smuggling; structured bank deposits; wire transfers; currency exchange transfers; alternative credit-based systems used to transfer money without the use of wires or other traditional means; goods-based systems in which items, including cars and airplanes, were purchased in one location and transferred to another location; and other methods.

14. To remain in power and protect their drug distribution routes, **FAUSTO ISIDRO MEZA FLORES** and Gastelum Iribe have engaged in continual and extreme violence, including (1) murdering rival cartel members in public; (2) kidnapping, torturing, and murdering rival cartel members at camps and elsewhere; (3) kidnapping, torturing, and murdering members of the Mexican police; and (4) terrorizing the people of Mexico.

**COUNT ONE**
(Continuing Criminal Enterprise)

15. The allegations contained in the preceding paragraphs are realleged and incorporated as if fully set forth in this paragraph.

16. From in or about January 2000, and continuing thereafter, up to and including the date of the filing of this Second Superseding Indictment, both dates being approximate and inclusive, in the countries of Mexico, Colombia, Ecuador, Costa Rica, the United States, and elsewhere, the defendant **FAUSTO ISIDRO MEZA FLORES**, also known as "Chapo Isidro," "Chapito Isidro," "Party," "Daniel," and "Dany," together with Arturo Beltran Leyva, also known as "Jefe de Jefes," Alfredo Beltran Leyva, also known as "Mochomo," Oscar Manuel Gastelum Iribe, also known as "Musico," Pedro Inzunza Noriega, also known as "Sagitario," and others, both known and unknown, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendant **FAUSTO ISIDRO MEZA FLORES** committed violations of Title 21, United States Code, Sections 848(e), 952(a), 959(a), 960 and 963, including Violations One through Thirteen set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendant **FAUSTO ISIDRO MEZA FLORES** in concert with five or more other persons, with respect to whom the defendant **FAUSTO ISIDRO MEZA FLORES** occupied a supervisory and management position and from which continuing series of violations the defendant **FAUSTO ISIDRO MEZA FLORES** obtained substantial

income and resources.

17. The defendant, **FAUSTO ISIDRO MEZA FLORES**, was a principal administrator, organizer, and leader of the continuing criminal enterprise, and the enterprise received in excess of $10 million in gross receipts in a twelve-month period for the manufacture, importation and distribution of cocaine, methamphetamine, and marijuana.

18. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), included Violations One through Thirteen set forth below, where Violations Two, Four through Eleven, and Thirteen involved at least 300 times the quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States Code, to wit: 150 kilograms or more of a mixture and substance containing cocaine; 15 kilograms or more of a mixture and substance containing methamphetamine; and 30,000 kilograms or more of a mixture and substance containing marijuana:

Violation One
(Murder Violation)

19. On or about December 8, 2009, in and around El Burrion, Guasave, Sinaloa, Mexico, and elsewhere, the defendant, **FAUSTO ISIDRO MEZA FLORES**, together with others, both known and unknown, while engaged in and working in furtherance of a continuing criminal enterprise and engaged in an offense punishable under Section 960(b)(1) of Title 21 of the United States Code, to wit, an offense in violation of Title 21, United State Code, Sections 959(a) and 963, did knowingly and intentionally kill and counsel, command, induce, procure, and cause the intentional killing of one or more persons, to wit, members of a rival cartel faction, and such killings did result, in violation of Title 21, United States Code, Section 848(e)(1)(A), and Title 18, United States Code, Section 2.

Violation Two
(International Marijuana Distribution)

20. On or about June 10, 2011, in and around Nogales, Mexico, and elsewhere, the defendant, **FAUSTO ISIDRO MEZA FLORES**, together with others, both known and unknown, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved approximately 2,800 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), and 960(b)(1)(G), and Title 18, United States Code, Section 2.

Violation Three
(Murder Violation)

21. In or about October 2011, at and around Sinaloa de Leyva, Sinaloa, Mexico, and elsewhere, defendant **FAUSTO ISIDRO MEZA FLORES**, together with others, both known and unknown, while engaged in and working in furtherance of a continuing criminal enterprise and engaged in an offense punishable under Section 960(b)(1) of Title 21 of the United States Code, to wit, an offense in violation of Title 21, United State Code, Sections 959(a) and 963, did knowingly and intentionally kill and counsel, command, induce, procure, and cause the intentional killing of one or more persons, to wit, members of a rival cartel faction, and such killings did result, in violation of Title 21, United States Code, Section 848(e)(1)(A), and Title 18, United States Code, Section 2.

Violation Four
(International Cocaine Distribution)

22. On or about October 5, 2013, in and around Tapachula, Mexico, and elsewhere, the defendant, **FAUSTO ISIDRO MEZA FLORES**, together with others, both known and unknown,

did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved approximately 250 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

<u>Violation Five</u>
(Attempted International Cocaine Distribution)

23. In or about February 2014, in and around Tapachula, Mexico, and elsewhere, the defendant, **FAUSTO ISIDRO MEZA FLORES**, together with others, both known and unknown, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved approximately 300 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(B)(ii), and 963, and Title 18, United States Code, Section 2.

<u>Violation Six</u>
(Attempted International Cocaine Distribution)

24. On or about December 14, 2015, in and around the countries of Costa Rica, Mexico, and elsewhere, the defendant, **FAUSTO ISIDRO MEZA FLORES**, together with others, both known and unknown, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved approximately 600 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in

violation of Title 21, United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(B)(ii), and 963, and Title 18, United States Code, Section 2.

Violation Seven
(Attempted International Cocaine Distribution)

25. On or about February 29, 2016, in and around the countries of Colombia, Mexico, and elsewhere, the defendant, **FAUSTO ISIDRO MEZA FLORES**, together with others, both known and unknown, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved approximately 860 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(B)(ii), and 963, and Title 18, United States Code, Section 2.

Violation Eight
(Attempted International Cocaine and Marijuana Distribution)

26. In or about April 2016, in and around Tijuana, Mexico, San Diego, California, and elsewhere, the defendant, **FAUSTO ISIDRO MEZA FLORES**, together with others, both known and unknown, did knowingly and intentionally attempt to distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved approximately 1,018 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and 744 kilograms of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(B)(ii), 960(b)(1)(G), and 963, and Title 18, United States Code, Section 2.

Violation Nine
(Attempted International Cocaine Distribution)

27. In or about August 2016, in and around the country of Costa Rica and elsewhere, the defendant, **FAUSTO ISIDRO MEZA FLORES**, together with others, both known and unknown, did knowingly and intentionally attempt to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved approximately 214 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(B)(ii), and 963, and Title 18, United States Code, Section 2.

Violation Ten
(Attempted International Cocaine Distribution)

28. On or about May 15, 2022, in and around the country of Ecuador and elsewhere, the defendant, **FAUSTO ISIDRO MEZA FLORES**, together with others, both known and unknown, did knowingly and intentionally attempt to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved approximately 1,500 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(B)(ii), and 963, and Title 18, United States Code, Section 2.

Violation Eleven
(Attempted International Cocaine Distribution)

29. On or about July 26, 2022, in and around the countries of Colombia, Mexico, and elsewhere, the defendant, **FAUSTO ISIDRO MEZA FLORES**, together with others, both known and unknown, did knowingly and intentionally attempt to distribute a controlled substance,

intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved approximately 1,680 kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(B)(ii), and 963, and Title 18, United States Code, Section 2.

Violation Twelve
(Murder Violation)

30. On or about October 22, 2022, in Mexico City, Mexico, Oaxaca, Mexico, and elsewhere, defendant **FAUSTO ISIDRO MEZA FLORES**, together with others, both known and unknown, while engaged in and working in furtherance of a continuing criminal enterprise and engaged in an offense punishable under Section 960(b)(1) of Title 21 of the United States Code, to wit, an offense in violation of Title 21, United States Code, Sections 959(a) and 963, did knowingly and intentionally kill and counsel, command, induce, procure, and cause the intentional killing of one or more persons, namely, Jaime Gerardo Guzman Rodriguez, and such killing did result, in violation of Title 21, United States Code, Section 848(e)(1)(A), and Title 18, United States Code, Section 2.

Violation Thirteen
(Methamphetamine Importation)

31. On or about February 18, 2024, in and around Eagle Pass, Texas, and elsewhere, the defendant, **FAUSTO ISIDRO MEZA FLORES**, together with others, both known and unknown, did knowingly and intentionally import approximately 6,000 kilograms or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, into the United States from a place outside thereof, namely, Mexico, in

violation of Title 21, United States Code, Sections 952(a), 960(a)(1), and 960(b)(1)(H), and Title 18, United States Code, Section 2.

(Continuing criminal enterprise, in violation of Title 21, United States Code, Sections 848(a), 848(b), 848(c), and 848(e)(1)(A).)

**COUNT TWO**

(International Cocaine, Methamphetamine, Heroin, Marijuana, and Fentanyl Manufacturing and Distribution Conspiracy)

32. The allegations contained in the preceding paragraphs are realleged and incorporated as if fully set forth in this paragraph.

33. From in or about January 2000, and continuing thereafter, up to and including the date of the filing of this Second Superseding Indictment, both dates being approximate and inclusive, in the countries of Mexico, the United States, and elsewhere, the defendant **FAUSTO ISIDRO MEZA FLORES**, together with others, both known and unknown, did knowingly and intentionally combine, conspire, confederate, and agree to manufacture and distribute one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance; five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; one thousand (1,000) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance; five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and four hundred (400) grams or more of mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21,

United States Code, Sections 959(a), 960(a)(3), 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(1)(F), 960(b)(1)(G), and 960(b)(1)(H) ; all in violation of Title 21, United States Code, Section 963.

34. The controlled substances involved in the conspiracy attributable to the Defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, are one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, one thousand (1,000) kilograms or more of a mixture and substance containing a detectable amount of marijuana, five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, and four hundred (400) grams or more of mixture and substance containing a detectable amount of fentanyl (N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propanamide), in violation of Title 21, United States Code, Sections 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(1)(F), 960(b)(1)(G), and 960(b)(1)(H).

(Conspiracy to manufacture and distribute 5 kilograms or more of cocaine, 500 grams or more of methamphetamine, 1 kilogram or more of heroin, 1,000 kilograms or more of marijuana, and 400 grams or more of fentanyl for importation into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(a)(3), (b)(1)(A), (b)(1)(B)(ii), (b)(1)(F), (b)(1)(G), (b)(1)(H), and 963.)

**COUNT THREE**
(International Money Laundering Conspiracy)

35. The allegations contained in the preceding paragraphs are realleged and incorporated as if fully set forth in this paragraph.

36. From in or about January 2000, continuing thereafter, up to and including the date of the filing of this Second Superseding Indictment, both dates being approximate and inclusive, in the countries of Mexico, the United States, and elsewhere, the defendant **FAUSTO ISIDRO MEZA FLORES**, together with others, both known and unknown, did knowingly and intentionally combine, conspire, confederate, and agree to transport, transmit, and transfer a

monetary instrument and funds from a place in the United States to or through a place outside the United States and to a place in the United States from or through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Sections 952, 959, 960, and 963, in violation of Title 18, United States Code, Section 1956(a)(2)(A), all in violation of Title 18, United States Code, Section 1956(h).

(International money laundering conspiracy, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 1956(h).)

**COUNT FOUR**
(Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization)

37. The allegations contained in the preceding paragraphs are realleged and incorporated as if fully set forth in this paragraph.

38. From in or about February 20, 2025, and continuing thereafter, up to and including the date of the filing of this Second Superseding Indictment, in the countries of Mexico, the United States, and elsewhere, the defendant **FAUSTO ISIDRO MEZA FLORES**, together with others, both known and unknown, did knowingly combine, conspire, confederate, and agree to provide material support and resources to wit: personnel, services, goods, controlled substances, weapons, ammunition, and monetary instruments to the Cartel de Sinaloa (also known as the Sinaloa Cartel, Mexican Federation, Guadalajara Cartel), a foreign terrorist organization, knowing that the organization was a designated foreign terrorist organization and that the organization had engaged in and was engaging in terrorist activity and terrorism, in violation of Title 18, United States Code, Sections 2339B(a)(1).

(Conspiracy to provide material support to a designated foreign terrorist organization, in violation of Title 18, United States Code, Section 2339B.)

**COUNT FIVE**
(Narcoterrorism)

39. The allegations contained in the preceding paragraphs are realleged and incorporated as if fully set forth in this paragraph.

40. From in or about January 2000, and continuing thereafter, up to and including the date of the filing of this Second Superseding Indictment, in the countries of Mexico, the United States, and elsewhere, the defendant **FAUSTO ISIDRO MEZA FLORES** did knowingly and intentionally engage and attempt to engage in conduct in and affecting interstate and foreign commerce and that would be punishable under Title 21, United States Code, Section 841(a), if committed within the jurisdiction of the United States, that is, to knowingly and intentionally manufacture, distribute, and possess with the intent to distribute one (1) kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I substance; five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II substance; one thousand (1,000) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I substance; five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II substance; and four hundred (400) grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N- [1- (2-phenylethyl ) -4-piperidinyl] propenamide), a Schedule II substance, knowing and intending to provide directly and indirectly, anything of pecuniary value to any person and organization that has engaged and engages in terrorist activity and terrorism, having knowledge that the said persons and organization has engaged and engages in terrorist activity and terrorism, all in violation of Title 21, United States Code, Sections 960aand Title 18, United States Code, Section 2.

(Narcoterrorism, in violation of Title 21, United States Code, Section 960a.)

**COUNT SIX**
(Use of a Firearm)

41. The allegations contained in the preceding paragraphs are realleged and incorporated as if fully set forth in this paragraph.

42. From in or about January 2000, and continuing thereafter, up to and including the date of the filing of this Second Superseding Indictment, both dates being approximate and inclusive, in the country of Mexico and elsewhere, the defendant, **FAUSTO ISIDRO MEZA FLORES,** did knowingly and intentionally use, carry, brandish, and discharge a firearm, during and in relation to one or more drug trafficking crimes, to wit the crime charged in Count Two of this Second Superseding Indictment, and did knowingly and intentionally possess a firearm, including a machinegun and a destructive device, in furtherance of such drug trafficking crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), and 2.

(Use, carry, brandish, discharge, and possession of a firearm, including a machinegun and a destructive device, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), and 924(c)(1)(B)(ii).)

**CRIMINAL FORFEITURE ALLEGATIONS**

43. The United States hereby gives notice to the defendant **FAUSTO ISIDRO MEZA FLORES** that upon conviction of the Title 21 offenses alleged in Counts One, Two, and Five of this Second Superseding Indictment, the Government will seek forfeiture in accordance with Title 21, United States Code, Sections 853(a)(1) and 970, of all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the alleged Title 21 violations.

44. The United States hereby gives notice to the defendant **FAUSTO ISIDRO MEZA**

**FLORES** that upon conviction of the Title 21 offenses alleged in Counts One, Two, and Five of this Second Superseding Indictment, the Government will seek forfeiture in accordance with Title 21, United States Code, Sections 853(a)(2) and 970, of all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

45. The United States hereby gives notice to the defendant **FAUSTO ISIDRO MEZA FLORES** that, upon conviction of the offense alleged in Count Three of this Second Superseding Indictment, the Government will seek forfeiture in accordance with Title 18, United States Code, Section 982, of all property involved in such offense, and all property traceable to such property.

46. The United States hereby gives notice to the defendant **FAUSTO ISIDRO MEZA FLORES** that, upon conviction of the offense alleged in Count Four of this Second Superseding Indictment, the Government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(G)(i) and Title 28, United States Code, Section 2461(c), of all assets, foreign or domestic, of the defendant.

47. The United States hereby gives notice to the defendant **FAUSTO ISIDRO MEZA FLORES** that, upon conviction of the offense alleged in Count Four of this Second Superseding Indictment, the Government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(G)(i) and Title 28 United States Code, Section 2461(c), of all assets, foreign or domestic, affording the defendant a source of influence over any entity or organization engaged in planning or perpetrating any federal crime of terrorism.

48. The United States hereby gives notice to the defendant **FAUSTO ISIDRO MEZA FLORES** that upon conviction of the offense alleged in Count One, Two, Three, Four, Five, and Six of this Second Superseding Indictment, the Government, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), shall pursue the forfeiture

of any firearms, destructive devices, and ammunition involved in or used in the knowing commission of the offense.

49. If any of the above-described forfeitable property, as a result of any act or omission of the defendant –

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

A TRUE BILL.

____________________________
Foreperson

MARGARET A. MOESER
Chief
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
U.S. Department of Justice

By: JAMES HEPBURN
Deputy Chief
JAYCE BORN
Trial Attorney
Money Laundering, Narcotics
And Forfeiture Section
Criminal Division
U.S. Department of Justice

ADAM GORDON
United States Attorney
Southern District of California

By: JOSHUA MELLOR
Assistant United States Attorney
Southern District of California